**Nicholas DASKAROLIS and Helen Daskarolis, Appellees,**

v.

**The FIRESTONE TIRE AND RUBBER COMPANY, Appellant.**

No. 80–1542.

United States Court of Appeals, Fourth Circuit.

Argued March 4, 1981.

Decided June 18, 1981.

Edward S. Digges, Jr., Baltimore, Md. (Deborah E. Jennings, Baltimore, Md., Harold L. Henderson, and Harland B. Horton, Jr., Akron, Ohio, on brief), for appellant.

George W. Shadoan, Rockville, Md. (Melvin Block and Santo R. Sgarlato, Jr., Brooklyn, N. Y., on brief), for appellees.

Before BUTZNER, PHILLIPS and MURNAGHAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

A diversity products liability case arose out of a vehicular collision which occurred on highway I–95 near Elkton, Maryland. The motorcar driven by one of the plaintiffs went out of control and collided with a vehicle traveling in the opposite direction. The plaintiffs asserted that a tire defect was responsible.

Both the plaintiffs and the tire manufacturer defendant produced experts as to the condition of the left front tire on the plaintiffs' vehicle. It was in a deflated condition immediately following the accident. There was a cut caused by sheet metal which came in contact with the tire during the collision. The cut would have led to the deflation if, in fact, the tire had not been previously deflated by some other cause. The testimony focused on whether the deflation occurred because of such a cut arising from the accident's impact or whether a blow-out attributable to defective manufac-

ture of the tire occasioned deflation and loss of control of the vehicle prior to the impact with the oncoming car.

The briefs devoted some space to matters such as (1) the excessiveness of a damages verdict for the plaintiffs ($3,750,000, cut by remittitur to $2,050,000), and (2) excessive sympathy evoked by the calling as a witness of the plaintiff husband, whose brain damage and paralysis resulting from the accident were so extensive that he could provide no useful testimony. However, neither of those issues was presented as a ground for the appeal.

The sole issue pursued on appeal is whether it was reversible error for the trial judge not to have admitted into evidence a used tire manufactured by the defendant, but never mounted on the plaintiffs' vehicle. Defendant claimed that the exemplar tire contained a defect identical to that alleged by plaintiffs to have caused the blow-out of plaintiffs' tire and, consequently, the accident. The purpose for which the defendant sought introduction of the tire was to provide demonstrative evidence, during the testimony of an expert, of the expert's theory that, in a tire in which an air pressure of 26 pounds per square inch had been maintained, a defect of the nature the plaintiffs sought to establish would have caused a bulge which would have had to have ranged outward from the tire and could not have bulged inwards.[1] The evidence would have served as a basis for impeaching or contradicting the testimony of plaintiffs' expert who theorized that the claimed defect would exhibit no outward signs because it would cause an inward bulge.

Regrettably, the issue of admissibility of the demonstration tire was not ruled on at trial on the merits. Instead, plaintiff made an objection when the tire was offered that the tire "had not been identified in the pretrial order." In fact, it had been so identified. Prior to trial, plaintiffs had sought exclusion of the tire on the ground that it had not been "disclosed prior to trial in response to an interrogatory." The judge, at a pretrial conference, had heard, but reserved ruling on, whether the tire would be admitted, should it be offered in evidence by the defendant.

At the trial, when defendant sought to introduce the tire, plaintiffs objected on the erroneous grounds of non-identification in the pretrial order, and the judge immediately sustained the objection to admissibility. Defendant requested a bench conference, but the judge replied that it was not necessary.[2] Defendant's attorney did not, either at the lunch recess immediately following the expert's testimony or during the remaining three and one-half days of trial on liability [3]—which extended over a long weekend—make any attempt to call to the trial judge's attention the erroneous nature of the grounds for exclusion which plaintiffs' counsel had proposed and on which the judge apparently had based his ruling.

After the jury had returned its verdicts on both liability and damages, defendant filed a Motion for Judgment Notwithstanding the Verdicts, a New Trial, or Remittiturs which raised as one of the grounds in

---

1. The left-front tire of plaintiffs' vehicle showed no evidence of having suffered an outward bulge.

2. There was no discussion of the point at trial at all. The entire sequence took only seconds. Defendant's tire expert was answering questions on direct examination concerning the characteristics of a tire containing a separation and their existence in the tire which had been on plaintiffs' vehicle:

Q. Did you see any indication on the tire [from plaintiffs' vehicle] of a worn spot?
A. No, I did not. I brought a tire with me that shows—
Q. I will get that for you.

[Plaintiffs' Counsel]: I am going to object to that. There was no identification of that in the pretrial order.
The Court: Sustained.
[Defendant's Counsel]: Can we approach the bench on this?
The Court: Not necessary.
App. 257; Tr. 411. The exemplar tire was never again mentioned during the course of the trial.

3. Trial on damages took another day and a half after the verdict on liability, the case having been presented to the jury on a bifurcated basis.

support of the motion the trial court's exclusion of the exemplar tire. The issue was briefed by both parties prior to the hearing on the motion and was argued to the court at the hearing. The trial court denied the motion for judgment n.o.v. and for a new trial on the issue of liability but awarded a new trial on the issue of damages unless plaintiffs, within 15 days, filed a remittitur of all sums in excess of $2,050,000. The plaintiffs filed such a remittitur.

Evidently, when the matter came up at trial, the judge, in his discretion, might properly have excluded the tire on the basis that, as demonstrative evidence, it was not essential to the making of the point as to physical laws which defendant claimed showed that no blow-out had occurred. The principle was capable of explication without demonstrative evidence. Considerations of potential confusion of the jury through the introduction of another tire not directly related to the controversy before it would have adequately justified an exercise of the trial judge's discretion in favor of exclusion. Fed.R.Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . ."); *Wright v. Hartford Accident & Indemnity Co.*, 580 F.2d 809, 810 (5th Cir. 1978) ("This is a question of legal relevance, a matter on which the trial judge has wide discretion, and which the appellate court will not reverse unless the trial judge has clearly abused his discretion.").

Conversely, however, a discretionary decision by the district judge to admit the tire would also have been within the scope of his powers to conduct a fair trial. Fed.R.Evid. 403. *See Longenecker v. General Motors Corp.*, 594 F.2d 1283, 1286 (9th Cir. 1979). The district judge, however, never, at trial, reached the "merits" of the tire's admissibility because plaintiffs' attorney raised an erroneous technical objection to its admissibility, accepted by the judge, and not contradicted by defendant.

On the information presented to him at trial, the district judge correctly excluded the tire. *E. g., Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897 (8th Cir. 1978); *Burdis v. Texas & Pacific Railway Co.*, 569 F.2d 320, 323 (5th Cir. 1978). *See also, Washington Metropolitan Area Transit Authority v. Two Parcels of Land, etc.*, 569 F.2d 816, 817 (4th Cir. 1978); *Harris v. United States*, 431 F.Supp. 1173, 1177 (E.D.Va.1977). It is, of course, unfortunate that the judge was misled by plaintiffs' counsel into ruling on an incorrect ground. However, nothing in the record suggests that the misleading was anything other than inadvertent. Defendant should subsequently have reraised the issue and made sure that the ruling was indeed on the proper grounds. *Subecz v. Curtis*, 483 F.2d 263, 266 (1st Cir. 1973) (the trial court ruled a certain line of questioning inadmissible; "[a]t that point, if counsel was dissatisfied with the stated testimonial restrictions, he should have so indicated on the record. Instead, he proceeded without complaint through the remainder of redirect and through recross. Beyond presenting and arguing a point, an objecting party has a further duty to make clear, after the ruling, that he is still pressing it. [Citation omitted.] Otherwise, unaware of the party's continuing objection, the court is deprived of the opportunity, or at least of any good reason, to reconsider its ruling."); *Krause v. Chartier*, 406 F.2d 898, 901 (1st Cir. 1968), *cert. denied*, 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747 (1969) (a party sought to introduce a CAB report into evidence; on objection the court indicated tentatively that the report was inadmissible and the party withdrew the offer. On appeal it was held that the party could not claim error in the trial court's exclusion of the report because he "did not fulfill the duty that is upon the objecting party to make clear to the district court that he is pressing his point, and what point it is."). *Accord, Malbon v. Pennsylvania Millers Mutual Insurance Co.*, 636 F.2d 936 (4th Cir. 1980) (party's failure to call to district court's attention its omission to rule on one of party's contentions deprives district court of opportunity to rule in the first instance and precludes party from raising omission to rule on appeal). The district

judge, despite his "not necessary" observation, could hardly have taken umbrage with a motion made at the next bench conference or recess pointing out that, while his ruling was correct, assuming plaintiffs' counsel had spoken correctly, in fact he had been misinformed; there had been no lengthy argument of the point, and counsel would not be beating a dead horse by making such a motion. For evidence of the importance which defendant now claims for it,[4] such a motion seems, in the circumstances of the case, required.

Defense counsel did request, and was denied, a bench conference, which would have provided an opportunity to resolve the problem. Although we have doubts as to whether defense counsel's action was sufficient to preserve the point in the circumstances of this case, it is an issue we need not decide. Rule 61 of the Federal Rules of Civil Procedure states:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Rule 103(a) of the Federal Rules of Evidence is to the same effect:

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . .

As noted earlier, the issue was raised to the district judge in a post-trial motion for judgment n.o.v. or for a new trial. The erroneous nature of the objection on which admission of the tire was denied and the purposes for which defendant sought its

admission were fully presented to the district court in the briefs and oral argument on the motion. The district court, after much deliberation, denied the motion for a new trial on the issue of liability in a written opinion which did not mention the tire except to say:

> Most of the issues raised under the pending motion were argued and/or briefed during trial, and need not be considered further at this time.

App. 546. At the hearing, however, the judge indicated that he was not at all sure which way he would eventually come out; whether he would finally grant a new trial on liability or not:

> I have some concern as to the propriety of the verdict on the liability.

App. 544–a; Tr. 1220.

> [I]f I were satisfied that the only area, either error or prejudice occurred on the damage side, if I was simply shocked by the damages, not by the verdict itself, certainly, you are quite right, it would be highly improper to have a new trial on liability as well as damages. . . . In this case, I have some concern as to some of the elements that occurred in the liability case, and it seems to me could cause, could convince and call for reversal on the issue of liability.

Tr. 1225.

> This is the reason that I suggest that if the case can be settled, that is fine; if it cannot be, then it will go onto a new trial as to liability and damages, because I have concern as to both.

Tr. 1226.

> On the issue of liability, as I have indicated some concern as to that, and only because of that would I consider granting a new trial as to the liability as well as damages.

Tr. 1228.

> I have some concern, as I have indicated, and, certainly, I would agree with you that if my concern is only as to damages,

---

**4.** Despite the existence of several other grounds for appeal, defendant has chosen to

base his appeal entirely on the exclusion of the exemplar tire.

it would be improper to direct a trial on liability as well.

Tr. 1230.

Nevertheless, with respect to the tire, the trial judge stated:

I don't consider, as I have indicated, the question of the tire, that has been referred to, *as any error that would be reversible.*

Tr. 1225 (emphasis supplied).

■ Had the district judge considered the tire both to be admissible and to affect the substantial rights of the parties, he surely would have granted a new trial, given his expressed doubts as to the correctness of the verdict on liability. It is clear from the last quoted statement by the district judge—in the context of his concern about the verdict on liability—that he thought that the exclusion of the tire had not affected the substantial rights of the parties and so could not be the predicate for the grant of a new trial. Whether this was because the judge thought the tire inadmissible or because, though admissible, he thought it would not have made a difference in the outcome is unimportant. As noted earlier, a decision that the tire was inadmissible lay within the sound discretion of the trial judge, and would have been affirmed on appeal. On the other hand, if the judge's opinion was that the exclusion of the tire, even though technically admissible, did not affect the substantial rights of the parties and therefore could not sustain the grant of a new trial under Fed.R.Civ.P. 61, that decision is also clearly correct. At most, the evidence of the excluded tire would simply demonstrate that a tire from another car exhibited characteristics consistent with defendant's expert's opinion, which was contrary to plaintiffs' expert's opinion. Under these circumstances, it was not "inconsistent with substantial justice" for the district court to refuse to grant a new trial. And since the ruling excluding the evidence did not affect the substantial rights of any party, on appeal, error may not be predicated thereon. Fed.R.Evid. 103. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*