Leonard S. GOFF, Plaintiff-Appellant,

v.

CONTINENTAL OIL COMPANY, Defendant-Appellee.

No. 81–2147.

United States Court of Appeals, Fifth Circuit.

June 17, 1982.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

V. Reagan Burch, Jr., Houston, Tex., for defendant-appellee.

Before DYER,* SAM D. JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Plaintiff-appellant Leonard Goff was employed by defendant-appellee Continental Oil Company (Conoco) in 1968 as a district sales representative in Oklahoma City. In 1971, Goff was granted a four year leave of absence to serve as an aide to the Governor of Oklahoma. When the Governor lost his bid for re-election, Goff returned to work for Conoco in Houston as Coordinator of Personal Development in the North American Production Department. Sometime thereafter Goff assumed the position of Safety Coordinator in the same Department. In January of 1977, Goff began talking with his immediate supervisor, Mr. Preston Meeks, about transferring into a higher position. Mr. Meeks said he would put Goff's name "in the hat" and see what he could do.

The following year, Conoco circulated a memo directing each department to establish a position of Safety Director because the job had become too big to be handled by one central director. Goff expressed an interest in the position; however, it was never created within his Department. Later, Goff wrote to Conoco's vice-president requesting a position with the company's "Good Government Fund." Goff never received a reply from the vice-president. Finally, Goff sought a position as director of "DOE Upstream Regulation." Mr. Meeks refused to recommend Goff for the position, and Goff did not get the job.

During the time in which Mr. Meeks served as Goff's immediate supervisor, their relationship was less than harmonious. Meeks reprimanded Goff on more than one occasion for making too many personal and

* Circuit Judge of the Eleventh Circuit sitting by    designation.

long distance telephone calls from the office. Meeks asserts he was also concerned over Goff's inattention to various work assignments, and he worried that Goff's other business interests (Goff owned a restaurant and sold real estate) were interfering with his job. On one occasion, Goff and Meeks engaged in a heated confrontation concerning a work project assigned to Goff. Goff disagreed with Meeks as to how the assignment should be undertaken. Reluctantly, Goff followed Meeks' directions but, according to Meeks, completed the project unsatisfactorily.

On March 8, 1979, Goff filed a suit under 42 U.S.C. § 1981[1] alleging that he had been discriminated against in compensation, conditions of employment, and promotions. He sought injunctive relief, monetary damages, and attorney's fees.

Six weeks later, on April 19, 1979, Goff was placed on a ninety-day probation period by Mr. Meeks. As a condition of his probation, Goff was required to complete three work assignments within the ninety-day period. Each of these assignments was made prior to the institution of the probation period, and the timetable for completion was consistent with the earlier deadlines set for Goff when the assignments were originally made. The first of the three projects was not completed to Meeks' satisfaction until May 25, eleven days after the proposed deadline. By June 29, Goff still had not completed the second project. On August 9, one day prior to the expiration of Goff's probation period, he was terminated. The second project was still incomplete and Goff had not yet begun the third project.

The district court found that Goff failed to prove a prima facie case of discrimination in conditions of employment or promotion. As to Goff's claim of discriminatory discharge, the court found that the evidence failed to show unlawful racial motivation on the part of Conoco. The court held that

Goff's claim that he was .discharged in retaliation for filing the lawsuit was not cognizable under § 1981. Goff's claims were dismissed pursuant to Fed.R.Civ.P. 41(b). In this appeal, Goff challenges the dismissal of his claim of discrimination in promotion. He also challenges the court's refusal to consider his claim that Conoco retaliated against him for filing the lawsuit. We review these claims individually.

## I. DISCRIMINATION IN PROMOTION

### A. Did Goff prove a prima facie case?

■ Goff argues that he proved a prima facie case of discrimination in promotion by satisfying the four requirements announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). That case holds that the plaintiff must prove by a preponderance of the evidence (1) that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that after his rejection, the position remained open, and the employer continued to seek applicants of equal qualification. 411 U.S. at 802, 93 S.Ct. 1824. The district court found that Goff failed to prove at least one element with respect to each of the three positions he sought. Upon review of the evidence, we find that the holding of the district court is not clearly erroneous. Goff did not establish a prima facie case of discrimination in promotion.

The first position sought by Goff was that of Safety Director of North American Production. In 1978, Conoco circulated a memorandum authorizing each department to appoint a Safety Director. Goff testified that he asked his supervisor, Mr. Meeks, to name him Safety Director, but that the position was never created in the North American Production Department. Thus,

1. Section 1981 states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Goff was unable to prove that the position he sought was available.[2]

Next, Goff sought a position with Conoco's "Good Government Fund." He testified that he and Mr. Swaim, one of his supervisors, considered Goff uniquely qualified for the position because of his experience in the Governor's office. Goff wrote to a Conoco vice-president to apply for the job but his letter was never answered. Goff was unable to prove, however, that there was a position available with the Fund. Again, a critical element was missing to establish his prima facie case.

Goff also sought the position of Director of "DOE Upstream Regulation." Mr. Meeks refused to recommend Goff for the job, however, because he felt that Goff lacked the necessary technical background. Goff did not dispute the fact that technical knowledge was a requirement for the job, and he failed to introduce evidence showing that he was technically qualified. This was a necessary element of Goff's prima facie case and the lack of proof on this point was fatal to the claim.

We conclude that the district court was correct in dismissing Goff's claim of discrimination in promotion because he failed to prove a prima facie case with respect to any of the three positions sought.

B. Was the exclusion of the proffered testimony of three witnesses erroneous?

Goff also contends that the court committed reversible error in refusing to allow the testimony of three former Conoco employees. These prospective witnesses were named in the pretrial order without objection by Conoco. When Goff attempted to call them to the stand, however, Conoco objected on the ground that their testimony would be irrelevant. The court inquired into the substance of their testimony and was informed that they would recount incidents in which they personally had been discriminated against by Conoco. Goff admitted that none of the proposed witnesses had worked in his division and that none could testify as to discrimination against him. The court ruled that the testimony was irrelevant to the issue of whether Goff had suffered discriminatory treatment. Goff contends that the testimony was relevant and that its exclusion substantially prejudiced his case.

▪ Although the pretrial order controls the course of the trial, Fed.R.Civ.P. 16, issues raised and evidence proffered therein must be relevant in order to be admitted at trial. Fed.R.Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." Fed.R.Evid. 401; *Young v. Illinois Central Gulf Railroad Co.*, 618 F.2d 332, 337 (5th Cir. 1980). The determination of the admissibility of evidence is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion resulting in substantial prejudice to the rights of a party. *Dickerson v. Metropolitan Dade County*, 659 F.2d 574, 579 and n.15 (5th Cir. 1981); Fed.R.Evid. 103(a).

Goff argues that the proffered testimony related to whether Conoco intentionally discriminated against him. Because purposefulness must be proved in a § 1981 case, *Crawford v. Western Electric Co.*, 614 F.2d 1300, 1315 (5th Cir. 1980), the exclusion of this testimony, he argues, prevented him from establishing an element of his case.

▪ Goff's claim was one of individualized, as opposed to classwide, discrimination. To prevail he had to show that Conoco purposefully discriminated against *him*. The witnesses Goff wanted to call could not testify as to Conoco's motive, intent, or purposefulness in failing to promote Goff. None of them had worked with Goff at Conoco, and none had any knowledge of Goff's experience or relationship with the company. All the witnesses could have tes-

---

**2.** Goff did not argue that the position remained unestablished for the purpose of preventing him from becoming Safety Director.

tified to was their own individualized dealings with Conoco. Because none had worked in Goff's department, their testimony would not have concerned the same supervisors of whom Goff complained. Because this testimony would not have related to the issue of whether Goff suffered discrimination, the court did not err in refusing to admit this testimony.

Goff also argues that in adducing evidence concerning discrimination in other departments within the company, he was attempting to establish the existence of a pattern or practice of discrimination pervading the entire company which, if proved, would have a tendency to make his claim of individualized discrimination seem more probable. Without commenting on the probative value that the existence of a pattern or practice of discrimination might have on a claim of individualized discrimination, we hold that the exclusion of this testimony was not reversible error in this case.

In order to establish the existence of a pattern or practice,[3] Goff would have had to show "more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336, 97 S.Ct. 1843, 1854, 52 L.Ed.2d 396 (1977); *Williams v. New Orleans Steamship Association*, 673 F.2d 742, 754 (5th Cir. 1982). Thus, even if all three witnesses' accounts of racial discrimination were true, this evidence would not have been enough to prove a pattern or practice of company-wide discrimination by Conoco. Therefore the exclusion of this testimony could not have affected the substantial rights of Goff and cannot serve as a ground for reversal.[4] The district court was correct in dismissing Goff's claim of discrimination in promotion.

## II. RETALIATION CLAIM

### A. Is this claim cognizable under § 1981?[5]

Goff also contends that Conoco retaliated against him for filing the March

---

**3.** Typically, a case of individualized discrimination will follow the course established in *McDonald Douglas Corp.*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and refined in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See* Part A, *supra.* If the plaintiff proves all four elements of the prima facie case, he is entitled to an inference of purposeful discrimination, which, in the absence of rebuttal evidence, can be the basis of a judgment in his favor. *Burdine*, 450 U.S. at 254–256, 101 S.Ct. 1094–1095. This method of proving discrimination is not inflexible, however. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). In this case, Goff may have been trying to create the inference of purposefulness by proving that there was a pattern or practice within the company of discriminating against blacks. Assuming for the moment that this is a permissible method of proving an individualized § 1981 case, the testimony of those three witnesses might have tended to make it more probable that there was a pattern or practice of discrimination, and to that extent the testimony would have been relevant. *See Haring v. CPC International, Inc.*, 664 F.2d 1234, 1240 (5th Cir. 1981) (allowing jury to infer discrimination from evidence suggesting a pattern or practice in individual claim brought under Age Discrimination in Employment Act).

**4.** Related to this issue is Goff's argument that this testimony would have established that Conoco's rebuttal explanation for the events complained of was merely pretextual. Because Goff did not prove a prima facie case, Conoco had no rebuttal burden and thus the issue of pretext never arose, rendering the exclusion of this testimony harmless as it relates to that issue. *See* Fed.R.Evid. 103(a).

**5.** Although Conoco has not disputed the fact that this issue is properly before us on appeal, we find it necessary to address the question briefly. In Goff's original complaint of March 8, 1979, he alleged that Conoco discriminated against him in compensation, promotion, and other conditions of employment. At that time, of course, he could not have alleged the retaliation claim because it arose out of events subsequent to the March 8 filing. After Goff was discharged, however, he did not amend his complaint to include the retaliation claim. It was not until the pre-trial conference that the claim was finally raised. At that time, Conoco argued that the claim was not cognizable under § 1981 and it submitted legal memoranda in support of its position. The parties' dispute over this issue was listed in the pre-trial order as a contested issue of law. Goff still had not amended his complaint at that time. At the beginning of the trial, counsel for both parties argued the issue and the court ruled that the claim was not cognizable under § 1981.

8, 1979 suit by putting him on probation and, ultimately, by firing him. The court ruled that a claim based solely upon an alleged retaliatory action was not cognizable under § 1981[6] but that evidence of retaliation would be admitted to the extent it related to Conoco's allegedly discriminatory motivation in its treatment of Goff. Whether Goff's claim of retaliation is cognizable under § 1981 is a question of first impression in this court.[7]

We hold that § 1981 does encompass claims of retaliation when an adverse action is taken in response to a person's filing of an EEOC charge or civil rights lawsuit in which racial discrimination is alleged. The ability to seek enforcement and protection of one's right to be free of racial discrimination is an integral part of the right itself. A person who believes he has been discriminated against because of his race should not be deterred from attempting to vindicate his rights because he fears his employer will punish him for doing so. Were we to protect retaliatory conduct, we would in effect be discouraging the filing of meritorious civil rights suits and sanctioning further discrimination against those persons willing to risk their employer's vengeance by filing suits. Section 1981 would become meaningless if an employer could fire an employee

for attempting to enforce his rights under that statute.

The Eighth Circuit reached the same conclusion when faced with this issue. In *Setser v. Novack Investment Co.*, 638 F.2d 1137 (8th Cir. 1981), *modified at* 657 F.2d 962 (8th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 615, 70 L.Ed.2d 601 (1981), the court held that § 1981 prohibits an employer from retaliating against an employee for his filing of a charge of racial discrimination with the EEOC. Setser, a white male, had worked as a truck driver for the defendant since 1968. Sometime thereafter, Setser became a "casual" (as opposed to permanent) employee. He filed a charge with the EEOC alleging that he had been discriminated against because of his race. In 1973, Setser re-applied for a permanent position but was not hired. He then filed a § 1981 action alleging that the company refused to hire him in retaliation for his filing of a charge with the EEOC. The district court found the claim not cognizable. The Eighth Circuit reversed. The court found that a retaliatory response by an employer against someone who filed an EEOC charge because he believed he had been discriminated against on the basis of race "would inherently be in the nature of a

---

Although Goff never formally pleaded the claim, we believe the issue is properly before us. Whether § 1981 encompasses a retaliation claim is a purely legal question. Both parties have been given ample opportunity in this court and the court below to present their arguments. Thus, it should be neither surprising nor prejudicial to either party for us to decide this issue. In fact, neither party has asked us to withhold decision.

6. In so holding, the court relied upon the district court's opinion in *DeAnda v. St. Joseph Hospital*, No. H–78–1244 (S.D.Tex., May 1, 1980), in which the court found that § 1981 encompassed claims of discrimination based upon race only, and not claims of retaliation. On appeal, we remanded the case and instructed the court to order supplemental briefing and to reconsider its ruling in the light of the briefing. *DeAnda*, 671 F.2d 850, 858 (5th Cir. 1982).

7. A related question arose in *Faraca v. Clements*, 506 F.2d 956 (5th Cir. 1975), *cert. denied*, 422 U.S. 1006, 95 S.Ct. 2627, 45 L.Ed.2d 669 (1975). There, a white man was refused a job because he was married to a black woman.

We held that he had a cause of action under § 1981 even though he had not been discriminated against on the basis of *his* race. We relied in part upon *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969), in which the Supreme Court held that a white man who had been expelled from a community corporation in retaliation for leasing his house to a black family had a cause of action under § 1982. Both of those cases involved retaliation claims which were recognized under §§ 1981 and 1982. They differ from Goff's claim, however, because there, the retaliatory action was taken because of the defendants' hostility toward black people. In Goff's case, he asserts, Conoco's action was taken because he filed a law suit charging racial discrimination. Thus, *Faraca* and *Sullivan* are essentially standing cases holding that white people can assert civil rights claims when they are harmed by someone's discrimination against blacks. In the present case, the issue is whether a particular type of conduct—retaliation for the filing of a § 1981 law suit—is actionable in the first place.

racial situation." 638 F.2d at 1146. In other words, it would be impossible completely to disassociate the retaliation claim from the underlying charge of discrimination. To deny Setser a cause of action for retaliation, the court reasoned, would be tantamount to giving "impetus to the perpetuation of racial discrimination." *Id.* at 1146 *quoting Garcia v. Rush-Presbyterian-St. Luke's Medical Center*, 80 F.R.D. 254, 266 (N.D.Ill.1978).

Conoco argues that our conclusion conflicts with the Supreme Court's decision in *Great American Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). In that case, a white man asserted a cause of action under 42 U.S.C. § 1985(c) based upon his employer's alleged retaliation for his attempts to support and vindicate the rights of his female co-employees. The Court found that § 1985(c) was a purely remedial statute providing a cause of action for the violation of otherwise defined federal rights and that it created no new substantive rights. 442 U.S. at 375–77, 99 S.Ct. at 2350–51. When discussing this fact, the court said, "The right Novotny claims under § 704(a) [8] [of the Civil Rights Act of 1964] did not even arguably exist before the passage of Title VII." 442 U.S. at 376–77, 99 S.Ct. at 2351.

Conoco seizes upon this single sentence and concludes that it establishes that § 1981 does not encompass retaliation claims because that right did not exist until the passage of Title VII. This is a misreading of the effect of Title VII. Sex discrimination by private persons is not prohibited by the Constitution and was not prohibited by statute until Title VII was enacted. It is obvious that this is the meaning of the statement in *Novotny*—no substantive

right existed. The rights protected by § 1981, however, have existed since 1865 when the Thirteenth Amendment was adopted and 1866 when the statute was passed. Also, unlike § 1985(c), § 1981 does contain substantive provisions which, if violated, give rise to a cause of action independent of any other statutes, including Title VII. Thus, we hold that § 1981 does encompass claims of retaliation for the filing of racial discrimination claims.

**B. Did Goff prove retaliation?**

■ Having concluded that Goff's claim is cognizable under § 1981, we must determine the status of the retaliation claim on this appeal. To prove his claim, he must show (1) that he engaged in activity protected by § 1981; (2) that an adverse employment action followed; and (3) that there was a causal connection between the two. *Cf. Dickerson v. Metropolitan Dade County*, 659 F.2d 574, 580–81 (5th Cir. 1981) (applying similar criteria to Title VII retaliation claim).

Goff clearly established the first two parts of this test. He filed a § 1981 lawsuit alleging racial discrimination on March 8, 1979. The following month he was placed on probation, and three months thereafter he was fired. These facts are undisputed by Conoco. Because the court refused to recognize Goff's retaliation claim, however, the proof ended here. Goff was not permitted to show that the adverse employment actions resulted from his filing suit. Likewise, Conoco was not permitted to show that the two events were unrelated, or that there were other reasons for its actions against Goff. Because the parties were not allowed to fully develop the facts relative to this claim,[9] we must remand the case to the

---

**8.** Section 704(a) is the section of Title VII which governs retaliation actions.

**9.** There is evidence in the record which could be used to evaluate the retaliation claim. For example, Conoco introduced evidence showing that Goff had been performing unsatisfactorily for a long time and that that was the reason he was put on probation. This evidence was admitted on the issue of whether Conoco put Goff on probation because he was black and it was

evaluated by the factfinder on that issue alone. We believe it would be unfair to both parties for us to comb the record searching for evidence to be used in evaluating the retaliation claim when the parties introduced such evidence for other purposes. Furthermore, counsel for Conoco informed the court more than once of his objection to the legal validity of the claim and made it clear that he did not want to be held to have tried the issue by consent.

district court for a trial of the retaliation claim.

### III.  CONCLUSION

We affirm the district court's dismissal of Goff's claim of discrimination in promotion because he failed to prove a prima facie case with respect to any of the three positions sought.  Goff does have a claim of retaliation under § 1981, and we remand the case to the district court so that it may determine the merits of that claim.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.