799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Mills, Appellant
v.
Commissioner of Internal Revenue, Appellee.
 No. 86-1035.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 30, 1986.
Decided Sept. 2, 1986.
 
 Before PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 (Robert Mills, Appellant Pro Se. Glenn L. Archer, Assistant Attorney General; Roger M. Olsen, Acting Assistant Attorney General; Michael L. Paup, Chief, Appellate Section, Tax Division, United States Department of Justice, for Appellee.)
 
 PER CURIAM:
 
 2
 Robert Mills appeals a decision of the Tax Court determining a deficiency in his tax payment and assessing a penalty for frivolousness pursuant to 26 U.S.C. Sec. 6673.
 
 
 3
 The clear language of Sec. 6673 allows the Tax Court to assess a penalty up to $5,000 for proceedings in which the "taxpayer's position in such proceeding is frivolous or groundless." Mills propounded two arguments prior to trial: that wages are not income and that commuting costs are deductible business expenses. Both of these arguments ignore well-established precedent. Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985) (argument that wages are not income has been so frequently rejected that raising it warrants sanctions); Kasun v. United States, 671 F.2d 1059, 1061 (7th Cir. 1982) ("It is well settled that the cost of commuting is a nondeductible, personal expense.").
 
 
 4
 We may review the award of damages under Sec. 6673 only for abuse of discretion. Lukovsky v. Commissioner, 771 F.2d 64, 65 (8th Cir. 1985). The judge clearly did not abuse his discretion in awarding sanctions for challenging such well-established legal determinations, absent any intervening legislative change.
 
 
 5
 We affirm the decision of the Tax Court. Because the dispositive issues recently have been authoritatively decided, we dispense with oral argument.
 
 PER CURIAM:
 
 6
 This action was brought under Sec. 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Sec. 185(a), and Sec. 502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. Sec. 1132(e), to recover benefit contributions allegedly owing under collective bargaining agreements. The district court determined that contributions were due and awarded damages to the plaintiffs, including interest and attorney's fees. The defendant-appellant appeals.
 
 
 7
 The trustees of the National Automatic Sprinkler Industry Pension Fund, National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669, U.A. Educational Fund, Sprinkler Industry Supplemental Pension Fund and Local 669 Vacation Savings Fund brought this action, alleging that Kupetz Engineering failed to make contributions to these funds as required by collectively bargained agreements. Kupetz Engineering, in turn, filed a counterclaim, alleging that it was due a refund from the benefits plans. Kupetz Engineering was initially represented by counsel in the proceedings below. However, at the bench trial Francis G. Kupetz, the owner of Kupetz Engineering, appearing pro se, presented the defense of Kupetz Engineering and its counterclaim.
 
 
 8
 At the conclusion of the bench trial, the district court found that Kupetz Engineering was obligated to make certain contributions to the benefit funds and that it had failed to make those payments to the funds. In accord with 29 U.S.C. Sec. 1132(g)(2), the district court found that the funds were entitled to unpaid contributions of $1,970.48, interest on unpaid contributions in the amount of $377.26, liquidated damages pursuant to the plans' formula in the sum of $612.50, reasonable attorney's fees in the amount of $2000, and costs of $60, for a total award of $5,020.24. The district court also found that the counterclaim of Kupetz Engineering was without merit. On the basis of the district court's findings, final judgment was entered in the amount of $5020.24, with interest on the principal of $1,970.48.
 
 
 9
 On this appeal, Kupetz Engineering contends that the district court erred in: (1) admitting certain documents offered into evidence by counsel for the funds; (2) limiting the scope of cross-examination; (3) limiting the extent of permitted oral argument, and (4) failing to credit assertions made by Francis G. Kupetz. Kupetz Engineering also now seeks a jury trial of the action. We address these issues in turn.
 
 
 10
 The first claim of error is that the district court admitted documents into evidence when counsel for the funds had failed to lay a proper foundation for their admission. In order to preserve error for appellate review, a proper objection must be made at trial. Fed. R. Evid. 103(a)(1). If a party fails to make timely and specific objections to the admission of evidence, it waives its right to object. See, e.g., Esco Corp. v. United States, 750 F.2d 1466, 1469-70 (9th Cir. 1985); see also Daskarolis v. Firestone Tire and Rubber Co., 651 F.2d 937 (4th Cir. 1981). Here, no objection was made, and the claim therefore fails.
 
 
 11
 As to the second claim, the district court specifically asked Francis Kupetz whether he had any other questions he wished to ask after he had cross-examined the funds' witness. Mr. Kupetz stated that he did not. The second claim therefore fails. As to the third claim, the district court, before concluding the trial, asked Mr. Kupetz whether he wished to offer any other arguments. After offering several, Mr. Kupetz concluded his argument and gave no indication that he wished to say anything further. Therefore, that claim must also fail.
 
 
 12
 The fourth claim is a disagreement with the district court's findings of fact. Federal Rule of Civil Procedure 52(a) provides in relevant part: Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, --- U.S. ----, 105 5 S.Ct. 1504, 1511 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Kupetz Engineering has failed to show any error in the district court's findings.
 
 
 13
 As Kupetz Engineering only made its demand for a jury trial on appeal, that demand was untimely. See McCray v. Burrell, 516 F.2d 357, 371 (4th Cir. 1975), cert. dismissed, 426 U.S. 471 (1976).
 
 
 14
 Accordingly, because the dispositive issues have recently been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed.
 
 AFFIRMED