815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Albert Nelson SMITH, Appellant,
v.
C. W. SCOTT, individually and officially and City of Due
West, a political subdivision, Appellees.
 No. 85-2390.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1986.
Decided March 23, 1987.
 
 Before WIDENER, HALL, and WILKINSON, Circuit Judges.
 Fletcher N. Smith, on brief, for appellant.
 John B. McLeod, Haynsworth, Perry, Bryant, Marion & Johnstone; Robert L. Hawthorne, Hawthorne & Mundy; Pope Brooks Shealy, Jr., Office of the Attorney General; Thomas E. Hite, Jr., Hite & Pruitt, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Albert N. Smith brought this action pursuant to 42 U.S.C. Sec. 1983 and Sec. 1981, seeking damages for the violation of his civil rights from the City of Due West, South Carolina, and C. W. Scott, a Due West police officer, arising out of his arrest for disorderly conduct on September 9, 1984. Smith alleged in his complaint that Officer Scott used excessive force in arresting him by hitting him with a flashlight and kicking him in the side of the body. He alleged that the City of Due West was liable for Officer Scott's use of excessive force in that it had adopted a custom or policy of inadequately training or supervising its police officers, of condoning the use of excessive force by its police officers, and of permitting its police officers to falsely charge its citizens. The district court granted a directed verdict for the City of Due West and Officer Scott in his official capacity. We affirm.
 
 
 2
 In Monell v. Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court held that a municipality cannot be liable under Sec. 1983 "solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under Sec. 1983 on a respondeat superior theory." However, a municipality may be sued for damages under Sec. 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such custom has not received formal approval through the body's official decisionmaking channels." Id. at 690-91.
 
 
 3
 The issue in the present case is whether Smith submitted sufficient evidence to support a finding that the alleged misconduct on the part of Officer Scott occurred pursuant to a custom or policy of the City of Due West. Since this issue was raised on Due West's oral motion for a directed verdict, the district court, and this Court, "must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences from the evidence." 9 C. Wright and A. Miller, Federal Practice and Procedure Sec. 2524.
 
 
 4
 Smith contends that the City of Due West adopted a custom or policy of inadequately training or supervising its police officers, of condoning the use of excessive force by its police officers, and of permitting its police officers to falsely charge its citizens. To prove a Due West custom or policy of falsely charging its citizens and of condoning the use of excessive force, Smith offered Johnny Blackwell's testimony that in 1981, two Due West police officers were called to his home after he and his wife had a falling out; that they pointed a gun at him and hit him with a flashlight; and that the criminal charges lodged against him as a result of this incident subsequently were dropped.
 
 
 5
 To further prove a Due West custom or policy of condoning the use of excessive force, and to prove a Due West custom or policy of inadequate training and supervision, Smith offered the testimony of Harry Stille, the former mayor of Due West. Stille testified that he was the supervisor of the police department and that he had supervised Officer Scott and had ridden with him on patrol. He also testified that the City of Due West sent its police officers to the police academy in Columbia, South Carolina, as required by state law, as soon as the officers were accepted by the academy. He further testified that police applicants were screened by the police committee of the city council after interviews and recommendations, with qualified applicants being recommended to the city council for employment.
 
 
 6
 The Supreme Court recently held in City of Oklahoma v. Tuttle, --U.S. ----, 53 U.S.L.W. 4639 (June 4, 1985) that a policy of inadequate training may not be inferred from a single isolated incident of excessive force. In so holding, Justice Rehnquist, writing for the plurality, reasoned:
 
 
 7
 Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.
 
 
 8
 Id. at 4643 (footnotes omitted).
 
 
 9
 Under this reasoning, it is clear that the evidence in this case was insufficient to raise a jury question that the City of Due West acted through its customs or policies to deprive Smith of his constitutional rights. Smith put forward only isolated instances of police misconduct and in so doing, failed to make out a case. Therefore, the district court properly directed a verdict in favor of the City of Due West and Officer Scott.
 
 
 10
 Smith also contends that the district court erred in excluding evidence of alleged misconduct on the part of Officer Scott occurring after September 9, 1984. We disagree. We find that the district court did not abuse its discretion in excluding this evidence. See Daskarolis v. Firestone Tire & Rubber Co., 651 F.2d 937 (4th Cir. 1981); Pierce Packing Co. v. John Morrell & Co., 633 F.2d 1362 (9th Cir. 1980).
 
 
 11
 Smith finally contends that the evidence was sufficient to raise a jury question that Officer Scott acted as a final decisionmaker for the City of Due West, thereby subjecting the City of Due West to Sec. 1983 liability. For support, he cites Pembaur v. City of Cincinnati, --U.S. ----, 54 U.S.L.W. 4289 (March 25, 1986). Again, we disagree. We find Smith's contention on this point without merit and unsupported by the record.
 
 
 12
 Because the facts and legal contentions are adequately developed in the materials before the Court, and argument would not aid the decisional process, we dispense with oral argument and affirm the judgment of the district court.
 
 
 13
 AFFIRMED.