848 F.2d 184
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert W. FRAZIER, Jr., Plaintiff-Appellant,
v.
William R. BLISS, Defendant-Appellee.
 No. 87-2118.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1988.
Decided April 20, 1988.
 
 Howard J. Schulman for appellant.
 Charles N. Ketterman (Donahue, Ehrmantraut & Montedonico, Chartered on brief) for appellee.
 Before MURNAGHAN, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Robert W. Frazier, Jr., a truck driver, was struck on March 30, 1984 while crossing on foot Delaware Route 4 at or near its intersection with Adelphia Avenue, just west of Newport, Delaware. The car that struck Frazier was driven by William R. Bliss, who, as the defendant, has obtained a jury verdict in his favor.
 
 
 2
 Frazier had alighted from his rig to obtain directions as to the whereabouts of the firm to which he was making a delivery. He first made inquiries at a liquor store on the side of the road where he had stopped to ask directions, and had been referred to the operators of a delicatessen across the street who had been in the immediate area longer.
 
 
 3
 The clerk in the liquor store was the only eyewitness to the accident. Having obtained directions from the operators of the delicatessen, Frazier started to re-cross Route 4 to return to his truck. He was struck by Bliss and suffered serious injuries, including two broken legs and a torn rotator cuff in his right shoulder.
 
 
 4
 The jury had to decide whether Frazier was jaywalking or was crossing at the intersection to determine who had the legal right of way under Delaware law. The jury also had before it for decision a question, somewhat peripherally relevant to that issue, of whether Frazier was walking or running. The accident occurred in darkness or at least after dusk.
 
 
 5
 The liquor store clerk testified at trial that Frazier was running across the street. In addition, there was admitted in testimony a hospital record that contained a statement that Frazier "was running across the street & was struck by a car." While the parties had stipulated the authenticity of the hospital records in which that statement appeared, there was no indication as to who made the statement. The argument by Bliss that the stipulation as to authenticity constituted a waiver by Frazier of his right to object on grounds of hearsay is unpersuasive. The hospital record, while completely unclear as to who was being quoted, has not been shown to have been in the ordinary course of business. The language was doubtless introduced by Bliss as bearing on "fault" and as such may not have been properly admissible under Federal Rule of Evidence 803(4). See Notes of Advisory Committee on Fed.R.Evid. 803(4) (West 1987). The stipulation as to authenticity only went so far as to say the hospital record was a hospital record. It did not say that the hospital record had been made in the ordinary course of business.
 
 
 6
 Federal Rule of Civil Procedure 61 provides that no error in the admission or exclusion of evidence is a ground for granting a new trial "unless refusal to take such action appears to the court inconsistent with substantial justice." The rule also states that the court "at every stage of the proceeding must disregard any error ... which does not affect the substantial rights of the parties." See Fed.R.Evid. 103(a); Daskarolis v. Firestone Tire & Rubber Co., 651 F.2d 937 (4th Cir.1981).
 
 
 7
 The question of whether Frazier was walking or running was collaterally relevant to the principal issues and, moreover, the most significant evidence on the point before the jury was clearly the eyewitness testimony of the liquor store clerk who testified that Frazier was running. Though the statement in the hospital record was or may have been improperly admitted, the error was not prejudicial enough to award a new trial.
 
 
 8
 Frazier has also argued that he should be granted a new trial because he was denied a requested instruction describing crosswalks and the applicable law, reading as follows:
 
 
 9
 A crosswalk may either be marked or painted on a roadway or it may be unmarked. An unmarked crosswalk is the extension or continuation of the lines of the sidewalk or walkway at an intersection.
 
 
 10
 When the objection to refusal of the instruction was made the district judge presiding at the trial stated:
 
 
 11
 As I discussed with counsel and I was fairly warned of this exception before I prepared the charge. I concluded that by giving the Delaware definition in the Code and permitting counsel to argue the subject matter of that, that it was not necessary or proper to give that as a legal instruction; and that was the reason for excluding that. I deemed it to be repetitive of what I had already stated in other portions of the charge.
 
 
 12
 The district judge read pertinent portions of the Delaware statute to the jury, including language from Sec. 4143 of the Delaware Annotated Code:
 
 
 13
 (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.
 
 
 14
 The district judge also provided a definition of "intersection":
 
 
 15
 You are further instructed that pursuant to Delaware Code 21, Section 101(13) the definition of an intersection means the area embraced within the prolongation of the lateral curb lines or, if none, then the lateral boundary lines of two or more highways which join one another at an angle, whether or not one such highway crosses the other.
 
 
 16
 The streets or roadways need not cross one another therefore for there to be an intersection. That is to say, that what is commonly called a T intersection is nevertheless an intersection.
 
 
 17
 Elsewhere in his instructions, the district judge was careful to touch on events "in a marked or unmarked crosswalk." He did not simply refer to a "crosswalk." In short, the instructions accurately placed before the jury the relevant points of law. Frazier had ample opportunity in argument to refer to the difference between a painted area and an area not painted and to convert the somewhat technical legal definition of "intersection" into a more comprehensible lay description. The district judge showed fitting respect for a responsibility not to over-instruct.
 
 
 18
 The judgment is, accordingly,
 
 
 19
 AFFIRMED.