4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. HOFFMAN, Plaintiff-Appellant,
v.
Russell O. LONG; Town of Swansea, Defendants-Appellees,
and
Lucius T. MARTIN; William H. Granger, Jr.; W. Venson
Huckabee; Jerry L. Smith; Llewellyn L. Sharpe, in
their official capacities, Defendants.
 No. 92-2535.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 8, 1993.
Decided: August 20, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. William B. Traxler, Jr., District Judge. (CA-91-2936-3)
 Argued: Sharon McCain Rickborn, Columbia, South Carolina, for Appellant.
 Vance J. Bettis, Gignilliat, Savitz & Bettis, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William H. Hoffman (Hoffman), appeals from a jury verdict in favor of Russell O. Long and the Town of Swansea (Defendants) on Hoffman's claims for slander and for wrongful discharge under 42 U.S.C. Sec. 1983 and the South Carolina Whistleblower Act, S.C. Code Ann. Sec. 8-27-20 (Law. Co-op. Supp. 1992). Because we find no merit in Hoffman's claims of error, we affirm.
 
 I.
 
 2
 Hoffman served the dual role as police chief and head of the Water and Waste Water Maintenance department for the Town of Swansea from 1985 until May 24, 1990. During his term of employment, Hoffman voiced objections to various violations of federal and state laws committed by the Town. In 1990, the Town Council removed Hoffman from his position as police chief and assigned him to the Water and Waste Water Maintenance department full time. Hoffman objected to his reassignment as violative of the Town's Personnel Policy Manual, which the Town Council rescinded on June 12, 1990. The Town completely terminated Hoffman's employment in September of 1990.
 
 
 3
 After his termination, Hoffman filed for unemployment benefits with the South Carolina Employment Commission (SCEC). The Commission issued a decision October 12, 1990, concluding that there "is no evidence of improper actions connected with the work. Since willful failure or intentional disregard of duty has not been shown, a finding of discharge for cause in connection with the work is not justified under the South Carolina Employment Security Law, Section 41-35-120(2)." The SCEC made this preliminary determination pursuant to S.C. Code Ann. Sec. 41-35-620 (Law. Co-op. 1986). The Town failed to contest the SCEC's finding or appeal from that initial determination. Accordingly, Hoffman was granted unemployment benefits.
 
 
 4
 Hoffman filed a complaint in the district court against the Defendants on October 1, 1991. Three of Hoffman's causes of action survived summary judgment and were tried before a jury: a claim for slander, a claim under 42 U.S.C. Sec. 1983 for violation of his First Amendment rights, and a claim under the South Carolina Whistleblower Act, S.C. Ann. Code Sec. 8-27-20 (Law. Co-op. Supp. 1992).
 
 
 5
 Before the jury was called in to hear the testimony in this case, the district court considered two evidentiary motions raised by the Defendants. First, the Defendants objected to Hoffman's use of the SCEC's report to collaterally estop them from arguing that Hoffman was terminated for cause.[1] Second, the Defendants objected to the proposed testimony of Ronald Sharpe to show a "pattern or practice by the town of terminating employees who exercise their First Amendment rights." The district court ruled that, with respect to the SCEC document, the requirements for collateral estoppel had not been met and excluded the SCEC document. With respect to Sharpe, the district court ruled that because it had already ruled that Sharpe's own statements were not matters of public concern, Sharpe would not be permitted to testify as to why he was fired by the Town.
 
 
 6
 After a four day trial, the jury returned a verdict for the Defendants on all three claims. Hoffman appeals.
 
 II.
 
 7
 Hoffman argues that the district court erred in refusing to collaterally estop the Defendants from arguing that Hoffman was discharged for cause. We review the district court's legal application of collateral estoppel de novo. Precision Piping & Instruments, Inc. v. E.I. Du Pont de Nemours & Co., 951 F.2d 613, 619 (4th Cir. 1991). Under that standard, we affirm the district court because it correctly concluded that collateral estoppel did not apply.
 
 
 8
 Hoffman contends that the district court erred in concluding that the Defendants were not estopped from asserting that Hoffman was discharged for cause. We disagree. The Supreme Court has held that "when a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state's courts." University of Tennessee v. Elliott, 478 U.S. 788, 799 (1986) (quotation omitted). With respect to the "adequate opportunity to litigate" that the Supreme Court requires before the application of collateral estoppel, we heed the admonition that "courts should be cautious not to multiply the consequences of a judgment that rests on less than a full exploration of the facts and law." Moore, 1B Moore's Federal Practice p 0.441[3.-3], at 740 (2d ed. 1993). The general policy consideration behind this limitation on collateral estoppel is that "[a]dversary litigation is one of the guarantees of a correct determination in a procedural system that depends upon party prosecution rather than affirmative judicial inquiry." Id. p 0.443, at 768. Because the SCEC's decision does not possess the necessary adversarial quality for collateral estoppel to apply, we reject Hoffman's argument.
 
 
 9
 In the case at bar, the SCEC decision upon which Hoffman sought to assert collateral estoppel was not pursued in the type of forum in which the Defendants had an "adequate opportunity to litigate." To obtain benefits, Hoffman filed a claim with the SCEC. Because the Town raised no objection to that filing, the SCEC granted Hoffman benefits. No tribunal was involved in that decision; it was the result of the application of the statute. See S.C. Code Ann. Secs. 41-35-110, -620 (Law. Co-op. 1986). The fact that the Defendants chose not to contest the unemployment compensation determination should not estop them from litigating the issues surrounding Hoffman's termination because the SCEC's decision in this case was not supported by adequate adversarial participation. Although the South Carolina Supreme Court has held that "the decision of an administrative tribunal precludes the relitigation of the issues addressed by that tribunal in a collateral action," Bennett v. South Carolina Dept. of Corrections, 408 S.E.2d 230, 231 (S.C. 1991), in this case, Hoffman's claim was not reviewed by an administrative tribunal; it was only given the standard preliminary review that can be later challenged by either party through administrative channels. Therefore, it does not appear that the SCEC decision presented the district court with the sort of adversarial decision upon which collateral estoppel can be based.[2]
 
 III.
 
 10
 Hoffman contends that the district court erred in excluding the testimony of Sharpe on the ground that it was not relevant to the instant dispute. We review that decision for abuse of discretion. DeBenedetto v. Goodyear Tire & Rubber Co., 754 F.2d 512, 518 (4th Cir. 1985). Because it appears that the district court did not abuse its discretion in refusing to allow Sharpe to testify, we affirm.
 
 
 11
 Hoffman argues that because the Town allegedly fired Sharpe for engaging in expressive activity, Sharpe's testimony would evidence that "the defendants engaged in a pattern and practice of retaliating against individuals who exercised their First Amendment rights." The district court concluded, however, that "[t]he testimony of Ronny Sharpe will not be permitted with regard to why he was fired because it has already been ruled the statements he made were not matters of public concern but related to his own employment." Because Sharpe's testimony would not be relevant to the issues in this case, the district court did not abuse its discretion in excluding his testimony. Two similar cases guide our analysis.
 
 
 12
 In Goff v. Continental Oil Co., 678 F.2d 593, 596-97 (5th Cir. 1982), the Fifth Circuit held that it was not error for the district court to exclude the testimony of three witnesses who could not testify as to the circumstances surrounding the plaintiff's termination. Because the plaintiff in Goff had not pled a claim of classwide discrimination, but rather pursued a case of individualized discrimination, the witnesses' testimony was not relevant to the issue in the case. The court therefore affirmed the district court's exclusion of that testimony. Id. at 597. In Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984), the Second Circuit found error in the admission of comments from other employees about the suspected age motivation behind their terminations because the testimony of only six employees concerning an eleven-year span was found to be statistically insignificant.
 
 
 13
 These cases support our conclusion that the district court did not abuse its discretion in excluding Sharpe's testimony. Because the district court had already concluded that Sharpe's comments were not matters of public concern, any testimony regarding his firing was not relevant to a pattern or practice of firing employees for engaging in expressive activity, and the district court did not abuse its discretion in excluding that evidence.
 
 IV.
 
 14
 Because we conclude that the district court did not err in excluding either the SCEC document or Sharpe's testimony from evidence, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 The Defendants argued that Hoffman "indicated to me the purpose of this exhibit was being offered to show that Mr. Hoffman was not terminated for the reasons the town states and to estop us from claiming that he was not terminated for reasons other than the exercise of his First Amendment rights." Hoffman agreed that "that is basically the statement of our position."
 
 
 [2]
 Hoffman argues in this court, however, that the district court's decision to prevent him from introducing the SCEC document to impeach the Defendants on cross-examination was an abuse of discretion. Because the record does not reflect that Hoffman requested the district court to rule on this issue, we cannot find that the district court abused its discretion in excluding the SCEC document. Daskarolis v. Firestone Tire & Rubber Co., 651 F.2d 937, 940 (4th Cir. 1981). Issues not raised in the district court cannot be raised for the first time on appeal absent extraordinary circumstances. Skippy, Inc. v. CPC Int'l, Inc., 674 F.2d 209, 215 (4th Cir.), cert. denied, 459 U.S. 969 (1982). Such circumstances are not present here