Deo C. CHOUDHURY, Plaintiff-Appellant,

v.

POLYTECHNIC INSTITUTE OF NEW YORK, Defendant-Appellee.

No. 1132, Docket No. 83–7960.

United States Court of Appeals, Second Circuit.

Argued April 26, 1984.
Decided May 23, 1984.

---

Alan H. Levine, New York City (Edward H. Rosenthal, Frankfurt, Garbus, Klein & Selz, P.C., New York City, of counsel), for plaintiff-appellant.

Bettina B. Plevan, Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant-appellee.

Before KAUFMAN, MESKILL and NEWMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Through painful and bitter struggle, this nation has learned that race discrimination is an anathema that can never be tolerated. This moral lesson has been buttressed by a legal edifice of constitutional brick and statutory mortar, which seeks to protect those who are or may become victims of racial bias. The availability of lawful means of vindicating the right to equal treatment has not eradicated discriminatory evils, but it does reflect a social commitment to achieving that goal.

The precise question presented by the instant case is one of first impression in this Circuit: Is an employee's claim that his employer retaliated against him for filing a complaint of racial discrimination cognizable under 42 U.S.C. § 1981?[1] We hold that

**1.** 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,

the substantive rights created by that section also afford protection to an individual's efforts to enforce those rights. After reviewing the record below, we find that the trial judge adequately framed appellant Choudhury's retaliation claim for the jury, which returned a verdict rejecting his contention. We therefore affirm the judgment of the district court dismissing the complaint.

We shall first set forth the pertinent facts presented to the jury, and then proceed to discuss Choudhury's legal arguments.

## I

Appellant Deo Choudhury, an Asian Indian, has been employed since 1962 as a professor in the physics department at the Polytechnic Institute of New York ("Polytechnic"). In 1967, he was appointed a full professor with tenure. The school has its principal campus in Brooklyn, New York, but also conducts classes in Westchester and in Farmingdale, on Long Island.

Choudhury claimed that during the 1973–74 academic year he discovered he was the lowest paid full professor in the physics department. After failing to obtain redress within the school, he filed a complaint alleging discrimination with the Equal Employment Opportunities Commission ("EEOC") and the New York State Division of Human Rights. The Division of Human Rights, upon investigation, found probable cause to believe a violation had occurred. In the summer of 1977, however, and prior to a hearing on the charge, the parties agreed to a settlement, which included a $5,000 salary increase for Choudhury as well as an additional $5,000 research award. The settlement was approved by both the federal and state agencies.

Choudhury taught at Polytechnic during the following year, 1977–78, and then took a sabbatical leave during 1978–79. Upon his return, he contended, his treatment by Polytechnic took a dramatic turn for the

worse. In the fall semester, he was assigned three "freshman recitations," a type of course he had never previously been asked to teach. In the spring he was given four freshman recitations, two of which were located at the Farmingdale campus, fifty miles from Choudhury's Manhattan residence. This assignment, he claimed, was also unprecedented. Choudhury's nuclear physics course, which he had taught every year at Polytechnic, was withdrawn from the curriculum. He alleged that, also for the first time, he was appointed to no departmental committees. And, finally, Choudhury charged he received the lowest merit salary increases of any full professor in the physics department for the academic years 1977–78, 1978–79 and 1979–80.

In April 1980, Choudhury filed this action under both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. His complaint alleged that Polytechnic had discriminated against him on account of his race and in "retaliation for challenging defendant's prior illegal employment discrimination." Prior to trial, Polytechnic moved to dismiss Choudhury's § 1981 cause of action on grounds, *inter alia*, that a claim for retaliation could not be stated under that section. The motion was denied. The Title VII claims were dropped in the course of trial, after the parties stipulated that Choudhury was non-white for purposes of the § 1981 claim.

Polytechnic introduced evidence rebutting the inference of a discriminatory motive for each of the claimed instances of retaliation. The school argued that many of its physics professors taught freshman recitations, including those at the Farmingdale campus. It alleged that the nuclear physics course was not withdrawn until the end of the registration period, when only a single student had enrolled. Moreover, the school argued that Choudhury was a member of the departmental personnel committee, but was not appointed to any additional committees because he had complained

and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

about his teaching load and the department chairman did not want to add to his burden. Polytechnic also submitted evidence that Choudhury's merit pay increases were the same as or larger than those of other physics professors.

At the conclusion of Choudhury's case, and again at the close of its testimony, Polytechnic moved for a directed verdict. Judge Glasser denied both motions, and proceeded to charge the jury. On the retaliation claim, the judge initially instructed the jury as follows:

> [I]n order for you to find for the plaintiff on this retaliation claim, you must find that the defendant treated the plaintiff differently from white persons similarly situated following the filing of his claim in 1975, that such different treatment amounted to discrimination on account of his race or color, and that the discrimination was intended.

He then told the jury that if Choudhury succeeded in meeting his burden of proof on these elements, they "must then go on to determine whether [Polytechnic] has expressed some legitimate nondiscriminatory reason for the decisions which it made." If they found that the school had succeeded in doing so, the jury was in turn charged to consider whether Choudhury had shown that Polytechnic's proffered reasons "were not the real reasons for its actions, and that the real reasons were disguised or masked by reasons which [it] gave by way of explanation."

The judge then heard objections to the charge at the sidebar. Choudhury's counsel took exception to the judge's articulation of the retaliation claim, arguing that the wording implied that "in order to prove retaliation he [Choudhury] has to prove

discrimination, which would make the retaliation charge superfluous ...." The judge agreed, and corrected that portion of the charge:

> [I]f you find the plaintiff has proved by a fair preponderance of the evidence that the defendant Polytechnic Institute retaliated against him intentionally because he filed a charge in 1975 and that the reasons given by the Polytechnic for the decisions it made were established by the plaintiff to be simply pretexts or excuses for a purpose and intent and motive to discriminate, then you may find for the plaintiff on the retaliation charge.

Choudhury's attorney did not object to the restated charge.

The Court then submitted to the jury a special verdict form comprising three questions.[2] On the retaliation claim, the interrogatory read:

> Did Polytechnic, at any time between September 1977 and June 1980, intentionally discriminate against Professor Choudhury in the terms or conditions of his employment in retaliation against him for having, in 1975, filed a charge of employment discrimination against Polytechnic?

Appellant's counsel did object to the wording of this question, but the judge declined to modify it. The jury returned a verdict in favor of Polytechnic on both the discrimination and retaliation claims.

Choudhury raises only the retaliation issue on appeal. He renews his claim, previously addressed to the district court, that "the verdict form in this case, both on its face and when read in conjunction with the charge, suggested that the jury could find for Professor Choudhury only if it first

---

2. The Verdict Sheet read:
   1. Did Polytechnic, at any time between September 1977 and June 1980, intentionally discriminate against Professor Choudhury in the terms or conditions of his employment on account of race or color?
   2. Did Polytechnic, at any time between September 1977 and June 1980, intentionally discriminate against Professor Choudhury in the terms or conditions of his employment in retaliation against him for having, in 1975, filed a charge of employment discrimination against Polytechnic?
   If the answers to Questions 1 and 2 above are "No," you need not go further and your verdict will be for the defendant. If the answer to Question 1 or 2 is "Yes," then answer Question 3.
   3. What monetary sum will compensate Professor Choudhury for the injuries he sustained as a result of "1" and/or "2" above?

found that the Polytechnic Institute had intentionally discriminated against him on the basis of race...." He argues that by confusing his two theories of recovery, the judge undercut the "separate nature" of the discrimination and retaliation claims, and hence effectively withdrew the latter cause of action from the jury's consideration. Before discussing the merits of Choudhury's contention, we address ourselves to the preliminary question whether a claim for retaliation can be stated under 42 U.S.C. § 1981.[3]

## II

■ Section 1981 was originally enacted as § 16 of the Civil Rights Act of 1870, 16 Stat. 144. The portion of that section which is pertinent here—the prohibition of discrimination in the making and enforcement of contracts—derives from an even earlier enactment, § 1 of the Civil Rights Act of 1866, 14 Stat. 27. In that section, Congress imposed a broad proscription on private, racially motivated conduct that resulted in the deprivation of enumerated rights. *See Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 423–27, 88 S.Ct. 2186, 2194–97, 20 L.Ed.2d 1189 (1968). In particular, § 1981 provides protection against discrimination in private employment on the basis of race or color. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 459–60, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295 (1975); *Gresham v. Chambers,* 501 F.2d 687, 690–91 (2d Cir.1974).

■ We have never decided whether § 1981 creates a cause of action for retalia-

tion as a claim distinct from that of discrimination on racial grounds,[4] and the district courts in this Circuit that have considered the question have disagreed. *Compare Thomas v. Maimonides Medical Center,* 511 F.Supp. 665 (E.D.N.Y.1981) (allowing retaliation claim under § 1981) *with Grant v. Bethlehem Steel Corp.,* 22 FEP Cases 680 (S.D.N.Y.1978), *rev'd on other grounds,* 635 F.2d 1007 (2d Cir.1980), *cert. denied,* 452 U.S. 940, 101 S.Ct. 3083, 69 L.Ed.2d 954 (1981); *Hudson v. Int'l Business Machines Corp.,* 22 FEP 947 (S.D.N.Y.1975), *aff'd on other grounds,* 620 F.2d 351 (2d Cir.), *cert. denied,* 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980) (retaliation claim rejected). In *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir.), *modified on other grounds,* 520 F.2d 409 (1975), however, we held that a white person who claimed to have suffered reprisals as a result of his efforts to vindicate the rights of non-whites had standing to sue under § 1981. In that case, DeMatteis claimed he had been forced into early retirement by Kodak because he had sold his house, located in a neighborhood inhabited primarily by white fellow employees, to a black Kodak employee. DeMatteis clearly could not claim, on the facts alleged, that he had personally experienced discrimination on grounds of race or color. Nevertheless, we ruled he had standing under § 1981, basing our action upon the Supreme Court decision in *Sullivan v. Little Hunting Park, Inc.,* 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969). *Sullivan* had similarly permitted a suit by a white

**3.** At oral argument, appellee's counsel suggested that we need not decide the existence of a cause of action for retaliation, citing our decision in *Hudson v. Int'l Business Machines Corp.,* 620 F.2d 351, 355–56 (2d Cir.1980). In *Hudson,* however, we found it unnecessary to consider appellant's retaliation claim under § 1981 because he had "failed to establish any acts of retaliation." *Id.* at 356. In this case, by contrast, Choudhury has offered evidence of alleged retaliation which was contradicted by Polytechnic's witnesses. Because Choudhury has made out a prima facie case of retaliation, it is essential that we decide whether the claim he asserts can be stated under § 1981.

**4.** In *Holt v. Continental Group, Inc.,* 708 F.2d 87 (2d Cir.1983), *cert. denied,* — U.S. —, —, 104 S.Ct. 1294, 1316, 79 L.Ed.2d 695 (1984), however, we remanded an employment discrimination suit which, like the instant case, included claims for discrimination and retaliation pursuant to § 1981. While we did not expressly address the viability of a retaliation claim under § 1981, as distinct from Title VII, we did instruct the district judge that on remand appellant could seek a hearing on the merits of her § 1981 cause of action. Nothing in the opinion suggested that the hearing should address only appellant's discrimination, and not her retaliation, claim under § 1981.

person who claimed retaliation for having asserted the rights of non-whites to equality of treatment.[5]  Although *Sullivan* and *DeMatteis* were both decided on standing grounds, their common holding also supports Choudhury's contention that a cause of action for retaliation exists under § 1981.

Three circuits have addressed the retaliation issue since *DeMatteis* was decided, and they have unanimously recognized the cause of action appellant asserts here.  *See Goff v. Continental Oil Co.,* 678 F.2d 593, 598 (5th Cir.1982); *Setser v. Novack Investment Co.,* 638 F.2d 1137, 1146–47 (8th Cir.), *modified on other grounds,* 657 F.2d 962 (1981), *cert. denied,* 454 U.S. 1064, 102 S.Ct. 615, 70 L.Ed.2d 601 (1982); *Winston v. Lear-Siegler, Inc.,* 558 F.2d 1266, 1268–70 (6th Cir.1977); *cf. London v. Coopers & Lybrand,* 644 F.2d 811, 819 (9th Cir.1981) (retaliation claim based upon racial discrimination cognizable under § 1981).  We are persuaded by the Fifth Circuit's reasoning in *Goff v. Continental Oil Co., supra,* that the assertion of one's rights under § 1981 must also derive protection from that section:

> The ability to seek enforcement and protection of one's right to be free of racial discrimination is an integral part of the right itself.  A person who believes he has been discriminated against because of his race should not be deterred from attempting to vindicate his rights because he fears his employer will punish him for doing so.  Were we to protect retaliatory conduct, we would in effect be discouraging the filing of meritorious

civil rights suits and sanctioning further discrimination against those persons willing to risk their employer's vengeance by filing suits.

We are unwilling to "give impetus to the perpetuation" of racial discrimination, *Sullivan v. Little Hunting Park, supra,* 396 U.S. at 237, 90 S.Ct. at 404, by permitting an employer, with impunity, to penalize its employee for asserting rights under § 1981.

Appellee urges that a retaliation claim may not be maintained under § 1981 absent the same proof of racial animus that would be required to support an initial claim of employment discrimination under that section.  *See London v. Coopers & Lybrand, supra,* 644 F.2d at 819.  We disagree.  A retaliation claim is cognizable under § 1981 to make that section an available and effective remedy for racially motivated employment discrimination.  The remedy would be impaired for all employees if any employee could be disadvantaged because he sought or secured relief from discriminatory treatment, whether or not the retaliation itself was racially motivated.

Moreover, an employee who is punished for seeking administrative or judicial relief, regardless of the merits of his initial claim, has failed to secure that right to equal treatment which constitutes the fundamental promise of § 1981.  When a complainant experiences retaliation for the assertion of a claim to even-handed treatment, he remains under a handicap not faced by his colleagues.  Such inequality, we believe, is proscribed by § 1981.[6]

---

5. Sullivan's complaint was brought pursuant to 42 U.S.C. §§ 1981 and 1982.  While the Supreme Court decided the case under § 1982, which relates to discrimination in the sale and leasing of property, we noted in *DeMatteis* that the Court "did not limit its holding on the standing issue to that section of the Civil Rights Act." 511 F.2d at 312 n. 9.  Because of the related origins and language of the two sections, they are generally construed *in pari materia. See, e.g., Tillman v. Wheaton-Haven Recreation Ass'n, Inc.,* 410 U.S. 431, 440, 93 S.Ct. 1090, 1095, 35 L.Ed.2d 403 (1973); *McCrary v. Runyon,* 515 F.2d 1082, 1087 (4th Cir.1975), *aff'd,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

6. Polytechnic argues that allowing a retaliation claim under § 1981 conflicts with the Supreme Court's holding in *Great American Federal Savings & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979).  We reject this contention for the reasons stated in *Goff v. Continental Oil Co., supra,* 678 F.2d at 599, and *Setser v. Novack Investment Co., supra,* 638 F.2d at 1147.  *Novotny* involved an attempt to use 42 U.S.C. § 1985 as the basis for a claim of retaliation for having alleged gender discrimination in violation of Title VII.  The Court declined to permit a pre-existing statute to support a retaliation claim based on a subsequently enacted statute, particularly one like Title VII, which itself

We thus conclude that Choudhury did have a right to a hearing on his claim of retaliation. We now turn to the question whether he received adequate consideration of that claim by the jury in the trial below.

## III

Choudhury does not argue that the trial judge refused him a hearing on his retaliation claim, nor could he do so. Judge Glasser, in fact, denied a pretrial motion to dismiss the retaliation claim. Rather, Choudhury contends the judge confused the jury by failing clearly to distinguish, in his charge or in the questions submitted to the jury, between the discrimination and the retaliation causes of action.

■ We have previously indicated that the same elements constitute a claim for employment discrimination under § 1981 as under Title VII. *Hudson v. Int'l Business Machines Corp., supra,* 620 F.2d at 354. The Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), made it clear that the employee must first establish a prima facie case. Once he does so, the burden shifts to the employer to show some legitimate non-discriminatory reason for the alleged mistreatment. The employee must then be afforded an opportunity to prove that the employer's explanation of its conduct was merely pretextual. These same procedural requirements apply to retaliation claims in the employment context. *See Grant v. Bethlehem Steel Corp.,* 622 F.2d 43, 46 (2d Cir.1980) (affirming award of damages by district court in case cited *supra* ).

■ The gravamen of a retaliation claim under § 1981 is the allegation of discriminatory treatment because of the filing of a discrimination charge, as distinct from discriminatory treatment on account of race or color in the first instance. We agree that the district judge failed to differentiate adequately between these two

bases in his initial charge to the jury. It was indeed erroneous for the judge to charge that Choudhury bore the burden of proving that the "different treatment" alleged to constitute retaliation "amounted to discrimination on account of his race or color." As we have explained, proof of racial discrimination *per se* is not essential to a § 1981 retaliation claim. But, the record clearly discloses this error was satisfactorily corrected. In response to Choudhury's objection, the judge restated his charge in a manner that removed any possibility of error. He instructed the jury that it was required to find (1) that Polytechnic retaliated against Choudhury because of his 1975 discrimination complaint, and (2) that Choudhury established that the school's reasons for its action were "simply pretexts or excuses for a purpose and intent and motive to discriminate."

Appellant acknowledges he did not object to the revised charge, but now argues that the judge should not have included any reference to the word "discriminate" in his statement of the elements of a retaliation claim. This argument, we believe, goes too far. While discrimination on race or color grounds is not a prerequisite to a retaliation claim, such a claim cannot succeed absent some showing of discrimination. The crux of appellant's argument, as we understand it, is that he was not treated as well by Polytechnic after filing the EEOC complaint, and that the complaint was causally linked to that different treatment. Polytechnic attempted to rebut Choudhury's allegations, in part, by demonstrating that he was not treated differently from other members of the physics faculty after filing his administrative claims—in short, that he was not subjected to discrimination vis-a-vis his colleagues. Under the requirements of *McDonnell Douglas Corp., supra,* the jury was thus required to determine whether appellant had proved that the explanations offered by Polytechnic were a mere subterfuge for discriminatory treatment.

---

proscribes retaliation. In our case § 1981 is being used to proscribe retaliation for asserting

rights protected by § 1981 itself.

The charge on retaliation fairly put this issue to the jury.

Choudhury's objection to the special verdict question on retaliation stands on weak underpinning: The wording employed by the judge differed in no material respect from the Proposed Special Interrogatory which appellant submitted to the court, and which read:

> Did defendant ... discriminate against Professor Choudhury in the terms or conditions of his employment in retaliation against him for having filed or pursued to settlement charges of employment discrimination?

Reading the retaliation question in context, as appellant urges us to do, we do not think it can reasonably be argued that Judge Glasser "with[drew] from the jury's consideration a valid theory" of recovery. *Cutlass Productions, Inc. v. Bregman,* 682 F.2d 323, 328–29 (2d Cir.1982). On the contrary, the discrimination and retaliation questions articulated the distinction we have taken some pains to elaborate. The former question dealt specifically with discrimination "on account of race or color", while the latter was predicated on discrimination "in retaliation for having ... filed a charge of employment discrimination...." As we have already noted, we find no merit in the hairsplitting suggestion that it was error even to use the word "discrimination" in the retaliation inquiry.

We therefore conclude that Choudhury's claim for retaliation was framed for the jury with sufficient precision. We are not, of course, in a position to second-guess the jury's resolution of conflicts in the testimony adduced, and appellant does not suggest that the verdict was contrary to the weight of the evidence. Accordingly, we affirm the judgment of the district court dismissing Choudhury's § 1981 complaint.