Marvis **ERHUNMWUNSE**, Plaintiff,

v.

**EDISON PARKING CORPORATION,**
Defendants.

No. 02 CIV. 5455(VM).

United States District Court,
S.D. New York.

Jan. 29, 2004.

Anthony C. Emengo, Emengo & Harlowe, New York City, for Plaintiff.

Daniel A. Tabs, Grotta, Glassman & Hoffman, New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Marvis Erhunmwunse ("Erhunmwunse"), who is African–American, alleges that defendant Edison Parking Corporation ("Edison") fired him from his position as a parking lot manager on the basis of his race and in retaliation for his refusal to give false testimony against an African–American co-worker, in violation of Title VII of the Civil Rights of 1964

("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Erhunmwunse also alleges that Edison fired him for the purpose of preventing him from obtaining certain employment benefits, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Edison moves for summary judgment on all of Erhunmwunse's claims. The motion is granted.

## I. *BACKGROUND* [1]

Erhunmwunse's termination centers around an August 2001 incident in which Edison alleges he stole $14; Erhunmwunse counters that he made an honest mistake. Edison hires third-party "shoppers" to pose as parking lot customers and verify that Edison's employees are following proper procedure. On August 7, 2001, a shopper parked in an Edison lot in Manhattan for two hours while Erhunmwunse was working as the lot manager. The shopper returned two hours later and paid the $14 parking fee. Erhunmwunse failed to record or account for the shopper's payment and, instead, signed the shopper's parking stub, indicating that the parking was complimentary.

Erhunmwunse contends that he thought the stub corresponded to one of the parking lot's contractors, whose parking is supposed to be complimentary. Erhunmwunse testified that, while preparing the "daily report"—a daily accounting submitted to management—he discovered he was $14 short. Erhunmwunse suspected that he might have forgotten to account for a contractor who had been in the lot that day. He located a stub corresponding to the make and model of the contractor's car, a Ford Explorer, and signed it to indicate that the parking was complimentary. Erhunmwunse contends he must have made a mistake because the shopper also drove a Ford Explorer.

Edison performed an investigation of Erhunmwunse's story and concluded it to be false. First, Edison was suspicious that Erhunmwunse had changed his story. He had initially stated to management that the ticket in question corresponded to a co-worker's parking, which is also supposed to be complimentary. Edison discovered that that co-worker did not work on the day in question. Second, Edison determined that there was not another complimentary ticket which would account for the alleged contractor. Third, Edison contacted the contractors and determined that none were on the site on the day in question. Edison fired Erhunmwunse on August 27, 2001. Edison states that another reason for firing Erhunmwunse was that he violated company policy by submitting only six of 18 tickets as part of his daily report for the day in question. The daily report is supposed to contain all ticket stubs.

Erhunmwunse was nevertheless able to obtain unemployment insurance benefits. An administrative law judge heard testimony from both sides and found Erhunmwunse to be a credible witness who had made an honest mistake. The judge rejected Edison's contention that Erhunmwunse had committed employment mis-

---

**1.** The factual summary derives from: (1) the complaint; (2) the affidavit of Marvis Erhunmwunse in opposition to the summary judgment motion, dated October 17, 2003 ("Erhunmwunse Aff."); (3) the affidavits of Daniel A. Tabs in support of the summary judgment motion, dated May 20, 2003, and October 31, 2003; (4) the affidavit of Dennis Manosalvas in support of the summary judgment motion, dated March 25, 2003; (5) the affidavit of Paul Ciesmelewski in support of the summary judgment motion, dated May 16, 2003; and (6) the affidavit of Joseph Anarumo in support of the summary judgment motion, dated May 9, 2003, as well as the exhibits attached to those documents. Except where necessary, the Court will not cite these sources further.

conduct, which would have disqualified him from those benefits.

In this lawsuit, Erhunmwunse alleges that Edison used this honest mistake as a pretext for unlawful discrimination. Specifically, Erhunmwunse claims Edison systematically replaced its African–American employees, and, as evidence of this claim, Erhunmwunse identifies at least five other African–American employees whom Edison allegedly fired. Erhunmwunse also claims that Edison fired him as retaliation for his failure to testify falsely against a co-worker. Finally, Erhunmwunse alleges that Edison sought to prevent him from obtaining certain employment benefits to which he would have been entitled based upon his longevity with the company. Edison moves for summary judgment on all of Erhunmwunse's claims.

## II. STANDARD FOR A SUMMARY JUDGMENT MOTION

The Court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The affidavits must be "made on personal knowledge" and state "facts as would be admissible in evidence." Fed.R.Civ.P. 56(e).

The Court must first look to the substantive law of the action to determine which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the parties dispute material facts, summary judgment will be granted unless the dispute is "genuine." *Id.* at 249, 106 S.Ct. 2505. "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252, 106 S.Ct. 2505.

Throughout this inquiry, the Court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of that party. *See Hanson v. McCaw Cellular Communications, Inc.,* 77 F.3d 663, 667 (2d Cir.1996).

## III. DISCUSSION

### A. RULE 56.1

■ As an initial matter, the Court must grant Edison summary judgment as to all the claims on the ground that Erhunmwunse has failed to comply with Local Rule 56.1, which requires him to submit "a separate, short and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried." S.D.N.Y. Local R. 56.1(b). Erhunmwunse has not submitted such a statement, and the consequence is that all of the facts in Edison's statement "will be deemed to be admitted." S.D.N.Y. Local R. 56.1(c). Taking all of those facts to be true defeats all of Erhunmwunse's allegations and stands as an independent ground to enter judgment on Edison's behalf. Alternatively, as discussed below, the Court finds that there is no genuine issue of material fact as to any of Erhunmwunse's claims and that Edison is entitled to judgment as a matter of law.

### B. RACIAL DISCRIMINATION

Erhunmwunse grounds his employment discrimination allegations upon two statutes. First, 42 U.S.C. § 1981 states: "All persons ... shall have the same right ... to make and enforce contracts ... and to the full and equal benefit of all laws ... as

is enjoyed by white citizens ...." 42 U.S.C. § 1981. Second, section 703(a) of Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C. § 2000e–2(a)(1). Courts analyze employment discrimination claims under Title VII and those under § 1981 identically. *See Choudhury v. Polytechnic Inst. of New York,* 735 F.2d 38, 44 (2d Cir.1984) ("[T]he same elements constitute a claim for employment discrimination under § 1981 as under Title VII.").

To establish a claim for employment discrimination, the plaintiff first "has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). "To meet this burden, a plaintiff must show: (i) membership in a protected class; (ii) qualifications for the position; (iii) an adverse employment action; and (iv) circumstances surrounding that action giving rise to an inference of discrimination." *Collins v. New York City Transit Authority,* 305 F.3d 113, 118 (2d Cir.2002) (citations omitted). "[T]he 'prima facie proof required' in a given case will depend on the specific facts in question." *McGuinness v. Lincoln Hall,* 263 F.3d 49, 53 (2d Cir.2001) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). "Generally speaking, a plaintiff's burden of establishing a prima facie case in the context of employment discrimination law is 'minimal.'" *Collins* 305 F.3d at 118 (quoting *McGuinness,* 263 F.3d at 53).

If the plaintiff meets this minimal burden, the burden shifts to the defendant to articulate some legitimate, nondiscrimina-

tory reason for the adverse employment action. *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089 (citing *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817). Finally, if the defendant meets this intermediary burden, "the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (citing *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. 1817). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

■ The Court must grant Edison summary judgment because Erhunmwunse has failed to even raise a *prima facie* case of discrimination. Specifically, he has failed to show he was terminated under circumstances giving rise to an inference of discrimination. Although Erhunmwunse makes conclusory *allegations* which would support such an inference, he has failed to provide sufficient *facts,* supported by *evidence,* in that regard. As stated above, Federal Rule of Civil Procedure 56 requires his affidavits to "be made on personal knowledge" and to "set forth such facts as would be admissible in evidence." Fed.R.Civ.P. 56(e). "Conclusory statements and statements not made on personal knowledge do not comply" with Rule 56 and, thus, "may not be considered." *Union Ins. Soc. of Canton, Ltd. v. William Gluckin & Co.,* 353 F.2d 946, 952 (2d Cir.1965). The purpose of the Rule 56(e) is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings." *Applegate v. Top Associates, Inc.,* 425 F.2d 92, 97 (2d Cir. 1970). Erhunmwunse's affidavit is the only item he has submitted in opposition, and it is barely more than a restatement of

the conclusory complaint. Erhunmwunse's affidavit alleges, without further elaboration, that five other African–American employees, whom he names, "were similarly discharged upon trumped up charges of stealing." Erhunmwunse Aff. ¶ 15. Erhunmwunse fails to explain whether or how he has personal knowledge of these terminations, or even the circumstances surrounding the terminations. Even assuming that Erhunmwunse had personal knowledge of the fact that these five African–American employees were terminated, that, without more, would not raise an inference of discrimination. Notably, Erhunmwunse does not allege any facts suggesting that the employees were fired around the same time, or that the African–American employees were terminated in disproportionate numbers. Instead, Erhunmwunse offers the conclusory allegation that Edison sought to "replace all black senior personnel with Hispanics and whites." *Id.*

■ The *only* non-conclusory factual allegation with arguable evidentiary support is Erhunmwunse's claim in his affidavit that an Edison employee stated that African–American employees appeared "dirty." *Id.* However, that assertion directly contradicts Erhunmwunse's previous deposition testimony, in which he testified that he did not recall any racially-charged comments while working at Edison. A "party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City Dept. of Corr.*, 84 F.3d 614, 619 (2d Cir.1996); *see also Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir.1969) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a proce-

dure for screening out sham issues of fact.").

## C. *RETALIATION*

■ Section 704(a) of Title VII makes it unlawful for an employer to "to discriminate against any individual ... because he has opposed any practice made an unlawful employment practice by this subchapter ...." 42 U.S.C. § 2000e–3(a). The objective of this provision is "to forbid an employer from retaliating against an employee because of the latter's opposition to an unlawful employment practice." *Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988). Courts analyze retaliation claims under the familiar burden-shifting framework of *McDonnell Douglas* and *Burdine,* which the Court explained above in connection with Erhunmwunse's claim of racially discriminatory termination. *See Sumner v. United States Postal Serv.*, 899 F.2d 203, 208 (2d Cir.1990). "To make out a prima facie case of retaliation, an employee must show that the employee was engaged in protected activity; that the employer was aware of that activity; that the employee suffered adverse employment decisions; and that there was a causal connection between the protected activity and the adverse employment action." *Manoharan,* 842 F.2d at 593.

■ Erhunmwunse's retaliation claim relates to Edison's investigation and ultimate termination of another African–American employee named Eromosele Ozembhoya ("Ozembhoye"), who Erhunmwunse also alleges was the victim of racial discrimination. According to Erhunmwunse, Edison investigators asked him a few questions about Ozembhoye in the summer of 2000, and quickly discovered that Erhunmwunse had no relevant information. Erhunmwunse alleges that his

refusal to falsely testify against Ozembhoye was a reason for his termination.

The Court concludes that Erhunmwunse has failed to make *prima facie* case of retaliation because (assuming his actions constitute "protected activity") he has failed to show any causal connection between the protected activity and his termination. Erhunmwunse does not present any facts to support the claim of retaliation, except the conclusory assertion that his refusal to testify was the "real reason" for his termination. Erhunmwunse Aff. ¶ 12. For similar reasons explained above in connection with Erhunmwunse's claim of discriminatory termination, these conclusory assertions do not constitute evidence, which is required to survive a summary judgment motion. Erhunmwunse does not claim that anyone in management told him, directly or indirectly, to testify falsely, nor has he testified to any facts which would suggest he felt compelled to testify falsely. Moreover, the Court notes that Erhunmwunse's brief participation in the investigation took place a full year before his termination, which calls into question the alleged causal connection. *Cf. Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1178 (2d Cir.1996) (holding that, in light of "evidence that the time between the plaintiff's initial complaint and her discharge was a mere twelve days," the plaintiff had made a *prima facie* showing with respect to the causal connection requirement).

## D. *ERISA*

█ Erhunmwunse's complaint states that he was terminated as a means to prevent him from obtaining certain unspecified benefits. This is apparently a claim under section 510 of ERISA, which makes it unlawful to "discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ...." 29

U.S.C. § 1140. Edison correctly points out that there is nothing in the record to suggest that its decision to terminate Erhunmwunse was related, in any way, to his attaining any benefits. Erhunmwunse does not challenge this argument at all in his opposition, and therefore, the Court dismisses this claim, as well.

## IV. *ORDER*

It is hereby

**ORDERED** that the motion of Edison Parking Corporation, also known as Edison Properties, LLC, ("Edison") for summary judgment is granted. The Clerk of Court is directed to enter judgment on Edison's behalf as to all claims. The case is dismissed with prejudice.

The Clerk of Court is directed to close this case.

**SO ORDERED.**