Abraham DAVID, Plaintiff–Appellant,

v.

THE CHILDREN'S VILLAGE,
Defendant–Appellee.

No. 04–2550–CV.

United States Court of Appeals,
Second Circuit.

May 23, 2005.

Lee Nuwesra, New York, NY, for Plaintiff–Appellant.

Matthew A. Steinberg (Felice B. Ekelman, on the brief), Jackson Lewis LLP, New York, NY, for Defendant–Appellee.

Present: Hon. RICHARD J. CARDAMONE, Hon. ROBERT A. KATZMANN, Circuit Judges and Hon. MARK R. KRAVITZ, District Judge.*

## SUMMARY ORDER

Plaintiff Abraham David challenges the grant of summary judgment dismissing his claims of age and race discrimination under 42 U.S.C. § 1981 and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* David contends that his former employer, The Children's Village (the "Village"), terminated him from his position as Assistant Director of Facility Engineering and Maintenance because of his age and his race. We assume the parties' familiarity with the underlying facts and procedural history of the case. For the reasons that follow, we affirm.

We review *de novo* a district court's grant of summary judgment, *Smith ex rel. Estate of Smith v. Fed. Reserve Bank,* 346 F.3d 264, 267 (2d Cir.2003), viewing the evidence in the light most favorable to plaintiff to "determine whether the record reveals the existence of any material issue of fact that would bar such relief." *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.,* 347 F.3d 448, 456 (2d Cir.2003). Motions for summary judg-

ment on all of plaintiff's discrimination claims are reviewed pursuant to the three-step burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Weinstock v. Columbia Univ.,* 224 F.3d 33, 42 n. 1 (2d Cir.2000) (noting that *McDonnell Douglas* framework applies to claims brought pursuant to New York State Human Rights Law); *Choudhury v. Polytechnic Inst.,* 735 F.2d 38, 44 (2d Cir.1984) (same for claims made pursuant to 42 U.S.C. § 1981).

In the instant case, even assuming *arguendo* that David has established a *prima facie* case of discrimination on the basis of age or race, we conclude that he has failed to provide sufficient evidence that the legitimate, nondiscriminatory reasons provided by the Village for David's termination were a pretext for discrimination, and that "discrimination was the real reason" for David's termination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). First, while David contends that his job responsibilities were taken over by a younger, white employee, the fact that an existing employee was able to assume additional tasks only bolsters the Village's contention that David's position was expendable. *See, e.g., Roge v. NYP Holdings, Inc.,* 257 F.3d 164, 171 n. 2 (2d Cir.2001) (finding no pretext where, *inter alia,* plaintiff's former tasks were divided between other employees). While David suggests that it would ultimately have been more cost-effective to retain his position and terminate a different employee in his stead, we do not second-guess an employer's personnel decision so long as it is based on something other than a prohibit-

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

ed ground. *See Byrnie v. Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001). Here, conjecture alone links David's termination to his race or age, which does not suffice. Finally, David's statistical evidence is of no avail for numerous reasons, including the small sample size, composition of the Village's overall workplace, and David's own concession that he was not similarly situated to the other individuals who were similarly terminated from the Village.

We have considered all of David's other arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby AFFIRMED.