09-2458-cv
Gertskis v. NYC D.O.H.M.H.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of April, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        CHESTER J. STRAUB,
        ROBERT A. KATZMANN,
                *Circuit Judges*.

_____

Polina Gertskis,

                *Plaintiff-Appellant*,

        v.                                        09-2458-cv

NYC D.O.H.M.H., Peter Backman, DC-37 Local 375, American Federation of State, County and Municip, District Council 37, Civil Service Technical Guild,

                *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:    Polina Gertskis, *pro se,* Brooklyn, N.Y.

FOR DEFENDANTS-APPELLEES    Ivan A. Mendez, Jr., Sharyn Michele Rootenberg,
N.Y.C. D.O.H.M.H and Peter Backman:    New York City Law Department, New York, N.Y.

FOR DEFENDANTS-APPELLEES    Maureen M. Stampp, Lewis Brisbois Bisgaard &
DC-37, American Federation of State,    Smith, LLP, New York, N.Y.
County and Municipal Employees, and
Local 375:

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** and Appellant's motion for a stay of city administrative proceedings, pending appeal, is **DENIED**.

Plaintiff-Appellant Polina Gertskis, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Griesa, *J.*), granting summary judgment to Defendants-Appellees on her discrimination claims, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. §§ 1981 and 1983; the New York State Human Rights Law; and the New York City Human Rights Law; and on her duty of fair representation claims under New York state law. We assume the parties' familiarity with the facts and procedural history of this case.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

We analyze discrimination claims under the burden-shifting analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Terry v. Ashcroft*, 336 F.3d 128, 140-41 (2d Cir. 2003) (applying *McDonnell Douglas* to Title VII claims). The burden-shifting framework articulated in *McDonnell Douglas* also applies to employment discrimination claims brought under §§ 1981 and 1983. *See, e.g.*, *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004); *Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 7 (2d Cir. 1989); *Choudury v. Polytechnic Inst. of N.Y.*, 735 F.2d 38, 44 (2d Cir. 1984).

Before bringing suit in federal court, a private plaintiff under Title VII must file timely administrative charges with the U.S. Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(e)(1), (f)(1). Where, as here, Gertskis had already filed the charge with the New York state agency, the charge needed to be filed with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e-5(e); *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). We conclude, for substantially the same reasons stated by the district court, that Gertskis's claims based on conduct occurring before February 24, 2006, were time-barred.

Having conducted an independent and *de novo* review, we further conclude that Gertskis's sexual harassment claim fails because the record evidence is insufficient as a matter of law to permit a reasonable jury to find in favor of her. *See Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61-62 (2d Cir. 1998). Likewise, Gertskis's Title VII, §§ 1981 and 1983 claims fail because she did not demonstrate that Defendants-Appellees' non-discriminatory, legitimate business reasons for the alleged discriminatory employment actions were a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254-56 (1981); *McDonnell Douglas*, 411 U.S. at 802-04; *see also Fisher v. Vassar Coll.*, 70 F.3d 1420, 1433 (2d Cir. 1995) ("[T]he plaintiff must also prove by a preponderance of the evidence that defendant's stated reason is a pretext for *discrimination*" by establishing *"both* that the reason was false, *and* that discrimination was the real reason." ) (internal quotation marks omitted).

Finally, the District Council 37 and Local 375 of the American Federation of State, County, and Municipal Employees is a municipal union organized pursuant to the New York State Fair Employment Act. Under New York state law, "a claim against a union for violating the duty of fair representation is subject to a four-month statute of limitations." *Williams v. New York City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006); *see* N.Y. C.P.L.R. § 217(2)(a). The four-month limitations period begins to run when: (1) the plaintiff knew or should have know of the union's breach of its duty of fair representation; or (2) the plaintiff suffered harm from that breach, whichever is later. N.Y. C.P.L.R. § 217(2)(a); *see Schermerhorn v. Metro. Transp.*

3

*Auth.*, 156 F.3d 351, 353 (2d Cir. 1998) (per curiam). Gertskis filed her complaint on March 15, 2007, and thus we conclude for substantially the same reasons stated by the district court that her duty of fair representation claims based on conduct occurring before November 15, 2006, were time-barred.

We have considered Gertskis's remaining claims and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED** and Gertskis's motion for a stay of city administrative proceedings, pending appeal, is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4