13-1676
*Gertskis v. EEOC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fourteen.

PRESENT:
>      ROBERT A. KATZMANN,
>              *Chief Judge,*
>      RALPH K. WINTER,
>              *Circuit Judge,*
>      VICTOR MARRERO,[*]
>              *District Judge.*

_____

POLINA GERTSKIS,

      *Plaintiff-Appellant,*

      v.                   No. 13-1676

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC), KEVIN BERRY, JOHN DOUGLASS, STEPHANIE GARNER, UNITED STATES DEPARTMENT OF JUSTICE (DOJ), KAREN FERGUSON, NELSON HERMILLA, NEW YORK CITY DEPARTMENT OF HEALTH & MENTAL HYGIENE, PETER BACKMAN, ROSE TESSLER, DOROTHY WRIGHT, THOMAS F. FARLEY, as Commissioner, AMERICAN FEDERATION OF STATE,

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO,
DISTRICT COUNCIL 37 (DC37) & LOCAL 375,
CIVIL SERVICE TECHNICAL GUILD (LOCAL 375),

*Defendants-Appellees.*\*\*

FOR PLAINTIFF-APPELLANT:                    POLINA GERTSKIS, pro se, Brooklyn, NY

FOR DEFENDANTS-APPELLEES
EEOC, BERRY, DOUGLASS,
GARNER, DOJ, FERGUSON,
HERMILLA:                                            ANDREW E. KRAUSE (Benjamin H. Torrance, *on the
                                                          brief*), Assistant United States Attorneys, *for* Preet
                                                          Bharara, United States Attorney for the Southern
                                                          District of New York, New York, NY

FOR DEFENDANTS-APPELLEES
DOHMH, BACKMAN, TESSLER,
WRIGHT, FARLEY:                                  DIANA LAWLESS (Larry A. Sonnenshein, *on the
                                                          brief*), *for* Michael Cardozo, Corporation Counsel
                                                          of the City of New York, New York, NY

FOR DEFENDANTS-APPELLEES
DC37, LOCAL 375:                                 GREGORY GLICKMAN, Hinshaw & Culbertson LLP,
                                                          New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the judgment and orders of the district court be and hereby are **AFFIRMED**.

Plaintiff-Appellant Polina Gertskis appeals from the district court's dismissal of her

employment discrimination complaint, grant of the EEOC's motion for summary judgment on

her Freedom of Information Act ("FOIA") claim, denial of her motion to compel discovery, and

---

\*\* The Clerk of Court is directed to amend the caption.

2

denial of several of her motions for reconsideration.[***] We assume the parties' familiarity with

the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court decision dismissing a complaint pursuant to Rules

12(b)(1) or (6) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*,

470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (Rule 12(b)(1)); *Litwin v. Blackstone Grp., L.P.*,

634 F.3d 706, 715 (2d Cir. 2011) (Rule 12(b)(6)). In each instance, we "accept[] all factual

allegations as true, and draw[] all reasonable inferences in favor of the plaintiff." *Litwin*, 634

F.3d at 715; *see also Triestman*, 470 F.3d at 474. Dismissal of a case under Rule 12(b)(1) is

appropriate "when the district court lacks the statutory or constitutional power to adjudicate it."

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion,

the complaint must plead "enough facts to state a claim to relief that is plausible on its face,"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*,

---

[***] Since 2007, Gertskis has filed three actions relating to her employment with and termination from the New York City Department of Health and Mental Hygiene ("DOHMH"), each raising similar claims. In the first case, filed while Gertskis was on a leave of absence from her job as a chemist with the DOHMH, the district court granted summary judgment, ruling that Gertskis's discrimination claims were time-barred or lacked evidence. *Gertskis v. N.Y. City Dep't of Health & Mental Hygiene*, No. 07-cv-2235, 2009 WL 812263 (S.D.N.Y. Mar. 26, 2009), *aff'd*, 375 F. App'x 138 (2d Cir. 2010) (summary order) ("*Gertskis I*"). Gertskis filed the second case, which is the subject of this appeal, after an administrative law judge determined that her absence from her job was misconduct justifying termination, *Gertskis v. EEOC*, No. 11-cv-5830 (S.D.N.Y.) ("*Gertskis II*"). Gertskis filed the third case, *Gertskis v. N.Y. City Dep't of Health & Mental Hygiene,* No. 13-cv-2024 (S.D.N.Y.) ("*Gertskis III*"), after the district court dismissed *Gertskis II* and before the appeal of *Gertksis I*. In that case, she brought similar claims against some of the same defendants from the prior cases along with several additional defendants. Her complaint in *Gertskis III* was dismissed, and the district court barred her from filing, without leave of court, future claims relating to her employment by the DOHMH, the termination of her employment, and her failure to be rehired by the City.

556 U.S. 662, 678 (2009). We also review de novo orders granting summary judgment, affirming the district court if it properly concluded that there was no genuine dispute about any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); Fed. R. Civ. P. 56(a).

The district court dismissed Gertskis's complaint as against the DOHMH and its employees, the union, and the federal government defendants on the claims other than FOIA. Gertskis argues on appeal that the district court's dismissal ignored evidence or failed to consider the facts in the light most favorable to her. But this argument has no bearing on the district court's finding that her claims were untimely, barred by res judicata, or that it lacked jurisdiction to consider them. We decline to consider her argument, raised for the first time on appeal, that her claims of wrongful dismissal based on age and race discrimination should have been deemed exhausted because they were reasonably related to her exhausted gender discrimination claims. *See Greene v. United States*, 13 F.3d 577, 585–86 (2d Cir. 1994).

The federal government defendants moved for summary judgment on Gertskis's FOIA claim and prevailed. Gertskis contends that these defendants failed to show that the relevant FOIA exemptions applied. We disagree. The affidavit of Stephanie Garner, Assistant Legal Counsel to the EEOC, clearly sets out its rationale for invoking the exemption, which the district court noted. A thorough review of Gertskis's submissions in opposition to summary judgment reveals nothing to raise a material issue of fact as to the applicability of the exemptions, and Gertskis does not specify how these defendants failed to carry their burden. Finally, the EEOC's failure to submit a statement of undisputed facts is irrelevant, because a motion for summary judgment on a FOIA claim can rest on an agency's affidavits alone. *See Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190–91 (2d Cir. 2012).

Finally, Gertskis argues that the district court erred in denying her motion to compel discovery, a decision we review for abuse of discretion, bearing in mind that a "district court has broad discretion to manage pre-trial discovery." *Wood v. Fed. Bureau of Investigation*, 432 F.3d 78, 84 (2d Cir. 2005). The district court here denied Gertskis's motion to compel discovery until the motions to dismiss were resolved. Although courts may allow limited discovery to determine Rule 12(b)(1) motions to dismiss for lack of jurisdiction, the lack of jurisdiction here was based on the federal sovereign immunity of the EEOC and DOJ and its officers in their official capacity. Gertskis sought in discovery access to her EEOC charge files, and there is no indication that her discovery request sought information that may have allowed her to defeat the federal government defendants' sovereign-immunity defense. *See Gualandi v. Adams*, 385 F.3d 236, 245 (2d Cir. 2004).

We have considered Gertskis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's orders and judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk